Justice Stevens, Circuit Justice.
Applicants in No. A-65 are residents of Washtenaw County, Michigan. On July 2, 1993, the Michigan Supreme Court entered an order requiring them to comply with custody orders that had previously been entered by the Michigan Court of Appeals and by the Iowa state courts which had directed them to deliver a child to its natural parents in Iowa. They have filed an application with me in my capacity *1302 as Circuit Justice for the Sixth Circuit for a stay of enforcement of that order. Applicant in No. A-64 is the child represented by her “next friend,” who seeks the same relief. Because I am convinced that there is neither a reasonable probability that the Court will grant certiorari nor a fair prospect that, if it did so, it would conclude that the decision below is erroneous, I have decided to deny the applications.
Respondents are the natural parents of Jessica Clausen, who was born in Iowa on February 8, 1991. When the child was 17 days old, applicants filed a petition for adoption in the Iowa courts. In the ensuing proceedings, the Iowa courts determined that the parental rights of the child’s biological father had not been terminated in accordance with Iowa law and that therefore applicants were not entitled to adopt the child. For reasons that have been stated at length in opinions of the Iowa Supreme Court, the Michigan Court of Appeals, and the Michigan Supreme Court, those determinations control the ultimate outcome of this proceeding. Applicants’ claim that Jessica’s best interests will be served by allowing them to retain custody of her rests, in part, on the relationship that they have been able to develop with the child after it became clear that they were not entitled to adopt her. Neither Iowa law, nor Michigan law, nor federal law authorizes unrelated persons to retain custody of a child whose natural parents have not been found to be unfit simply because they may be better able to provide for her future and her education. As the Iowa Supreme Court stated: “[Cjourts are not free to take children from parents simply by deciding another home offers more advantages.” In re B. G. C., 496 N. W. 2d 239, 241 (1992) (internal quotation marks and citation omitted).
My examination of the opinions in the litigation persuades me that there is no valid federal objection to the conduct or the outcome of the proceedings in the Iowa courts. Indeed, although applicants applied to Justice Blackmun in his capacity as Justice for the Eighth Circuit for a stay of enforce *1303 ment of the judgment entered by the Iowa Supreme Court on September 23,1992, they did not seek review of that judgment after he had denied the stay application. Rather than comply with the Iowa judgment, applicants sought a modification of that judgment in the Michigan courts. In my opinion, the Michigan Supreme Court correctly concluded that the Michigan courts are obligated to give effect to the Iowa proceedings. The carefully crafted opinion of the Michigan Supreme Court contains a comprehensive and thoughtful explanation of the governing rules of law. Accordingly, the stay applications will be denied.

It is so ordered.